Filed 2/8/24  P. v. Rowen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARLEY PATRICK ROWEN,<br><br>Defendant and Appellant. | C097641<br><br>(Super. Ct. No. 21CF05877) |

Defendant Marley Patrick Rowen pled no contest to two sexual offenses against a victim under the age of 14 years.  Defendant appeals the judgment, arguing we should reverse and remand for a new sentencing hearing because counsel provided ineffective assistance by (1) failing to raise childhood trauma as a mitigating circumstance and (2) failing to correct the trial court's misstatement of fact.  We disagree and will affirm the judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

Defendant pled no contest to lewd and lascivious conduct with a child under the age of 14 years (Pen. Code, § 288, subd. (a))[1] and to forcible lewd conduct with a child under the age of 14 years (§ 288, subd. (b)(1)). The trial court dismissed the remaining charges and enhancements.

The probation report contains the factual basis for defendant's plea. Over the course of almost two years, defendant sexually abused two of his minor grandchildren on several occasions. The abuse started when the grandchildren were living with him.

Defendant's plea indicates he understood that he may still be required to serve the maximum sentence of 18 years and the terms for both convictions may be sentenced consecutively. The trial court indicated that defendant did not stipulate to the existence of aggravating factors nor did a jury find any aggravating factors to be true. Defendant stipulated that "there may be facts in mitigation or aggravation that are not yet plead or proven in the police reports or probation report." The probation report also referenced defendant's stipulation from the plea and indicated that the trial court could consider aggravating factors at sentencing, which included, among other things, defendant's two prior misdemeanor sexual offense convictions.

At sentencing, the trial court read and considered the probation report and character letters submitted on defendant's behalf and heard argument from both the prosecutor and defense counsel. The prosecutor argued the trial court should sentence defendant to the upper term because defendant had a prior history of sexual offenses, abused a position of trust with the two victims, had the opportunity to participate in treatment programs for sex offenders in the past, and defendant's statements in the probation report indicated that he blamed the victims who were minors at the time he

---

[1] Undesignated statutory references are to the Penal Code.

sexually abused them. Defense counsel argued the lower term was appropriate because defendant came forward at an early stage, admitted guilt right away, sought rehabilitation, and he was old.

As facts in aggravation, the probation report indicated defendant groomed both victims, took advantage of a position of trust, bound one of the victims during the commission of the forcible lewd conduct count, and the victims were particularly vulnerable. The probation report also noted those facts had not yet been pled or proven. The trial court found that aggravating circumstances included prior convictions for sexual misconduct that "indicated an increasing seriousness in nature." At the hearing, the trial court stated that one of defendant's convictions occurred in 1997. Defendant's previous convictions for indecent exposure occurred in 1977 and lewd conduct in public in 2000. The trial court also found defendant did not participate in sex offender therapy after his 1977 conviction.

The trial court also considered mitigating circumstances, which included a "lack of prior felony convictions, that he turned himself in to law enforcement, that he expressed remorse, that he has engaged in positive civic activities over a long period of time, that he admitted wrongdoing at an early stage[,] [¶] . . . [and that] he is aged."

The probation report contains a statement from defendant that, " 'Nothing like this has ever happened to me in my life. I mean, there is some stuff that happened when I was a little kid, but nothing like this.' " Defendant also stated in the report, " 'I have a weakness in that area from when I was a kid. I believed women wanted to see me naked; it's why I did "exposure stuff." ' "

The report also correctly states the date of defendant's conviction from 1977 and defendant "confirmed his criminal history [was] accurate." The trial court found "there was a vague assertion of something occurring when the [d]efendant was a child" in the probation report but "that vague reference is insufficient to support any findings necessary under [section] 1170[, subdivision] (b)(6)."

3

After considering all of these factors, the trial court found the aggravating factors did not outweigh the mitigating factors and found that the middle term, for both counts, was the appropriate term. The trial court sentenced defendant to six years for the lewd and lascivious conduct with a child under the age of 14 years count and a consecutive eight years for the forcible lewd conduct with a child under the age of 14 years count.

DISCUSSION

Defendant contends on appeal that his counsel was ineffective because counsel (1) failed to raise the mitigating circumstance that defendant experienced childhood trauma and (2) failed to correct the trial court when it erroneously stated that one of defendant's 1977 prior misdemeanor convictions occurred in 1997. He argues that had counsel raised these issues to the trial court it is reasonably probable that he would have received a lower sentence. We are not persuaded by his arguments.

Defendant bears the burden of proving ineffective assistance of counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and the deficient performance prejudiced defendant. (*Id.* at pp. 688, 691-692; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) It is not enough to establish prejudice for a defendant to propose that counsel's performance had some "conceivable effect" on the outcome; rather, the defendant must show a reasonable probability of a different result but for counsel's errors. (*Strickland*, at p. 693; see *id.* at p. 694.) Prejudice must be a demonstrable reality established based on facts in the record, not simply speculation as to the effect of the errors or omissions of counsel. (*People v. Williams* (1988) 44 Cal.3d 883, 933; *People v. Montoya* (2007) 149 Cal.App.4th 1139, 1151.) A reviewing court may reject a claim of ineffective assistance of counsel without addressing both components if a defendant makes an insufficient showing as to either prong. (*Strickland*, at p. 697.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of

sufficient prejudice, which we expect will often be so, that course should be followed." (*Ibid.*)

A. *Mitigating Circumstances*

We need not determine whether counsel's performance was ineffective because defendant did not suffer any prejudice. Section 1170, subdivision (b)(6)(A) created a presumption in favor of the lower term if the trial court finds a defendant's childhood trauma was a contributing factor in the commission of the offense. (*People v. Tilley* (2023) 92 Cal.App.5th 772, 777.) The trial court read and considered the probation report and specifically stated that the "vague reference" to defendant's childhood in the report was not sufficient to make such a finding under section 1170, subdivision (b)(6) to sentence to defendant to the lower term.

Defendant has not pointed to anything in the record that would demonstrate a reasonable probability of a different outcome. (*Strickland v. Washington*, *supra*, 466 U.S. at pp. 693-694.) Defendant makes no argument that he experienced childhood trauma or what the alleged trauma was outside of his reference to the probation report, which the trial court considered. Nor does defendant assert there was evidence of childhood trauma the trial court failed to consider or that the alleged childhood trauma was a contributing factor in the commission of the charged offenses. We cannot conclude that it is reasonably probable the trial court would have imposed a lower term sentence had counsel provided evidence of childhood trauma. Accordingly, defendant has not met his burden of showing it is reasonably likely the trial court's decision would have been different absent the errors. (*Id.* at p. 696.)

B. *Trial Court Misstatement*

We also do not need to consider whether counsel was ineffective in failing to correct the trial court's misstatement of defendant's prior conviction because defendant has not demonstrated any prejudice.

Defendant has not met his burden to demonstrate there was a reasonable probability of a different outcome at the sentencing hearing if his counsel had corrected the trial court's misstatement. Defendant merely advances a speculative and conclusory argument that his counsel's failure to correct the trial court's misstatement had a prejudicial effect, as it presumes the trial court had a genuine misunderstanding as to the date of the prior conviction. The record does not support this conclusion.

The probation report, which the trial court read and considered, accurately stated the date of defendant's previous 1977 conviction. Defendant also confirmed the accuracy of his criminal history in the probation report. The trial court did not rely on its misstatement in imposing the sentence, and the age of the prior conviction does not negate its basis of finding that defendant's sexual misconduct was increasing in seriousness. Having read and considered the probation report containing the correct information, there is nothing in the record that demonstrates the trial court had a genuine misunderstanding as to the date of the prior conviction. Rather it appears likely the trial court merely misspoke. We cannot conclude it is reasonably probable the trial court would have imposed a lower sentence if counsel had corrected its misstatement. Accordingly, defendant has not met his burden.

DISPOSITION

The judgment is affirmed.

         /s/
         WISEMAN, J.*

We concur:

 /s/
HULL, Acting P. J.

 /s/
MESIWALA, J.

---

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7